IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTINGHOUSE ELECTRIC COMPANY LLC<br><br>V.<br><br>TYNE ENGINEERING, INC. | Civil No. 24-1362 |

**MEMORANDUM OPINION**

I.   Introduction

This case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.  On May 12, 2025, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 18), which recommended that the motion to remand this case to the Court of Common Pleas of Allegheny County, Pennsylvania ("state court") (ECF No. 9) filed by plaintiff Westinghouse Electric Company LLC ("Westinghouse") be granted.  Defendant Tyne Engineering, Inc. ("Tyne") filed objections to the R&R (ECF No. 19) and Westinghouse filed a response (ECF No. 20).  Following an independent review of the record, and for the reasons set forth below, the court is satisfied that the R&R is correct and will therefore accept the recommendation of the magistrate judge that the case be remanded to the state court.

II.   Standard of Review

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. *See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

Even if no objections are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see McClain v. Pa. Dept. of Corr.*, No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the R&R for clear error).

III.   Procedural and Factual History

In the state court complaint, Westinghouse asserts only state law claims for breach of contract and tortious interference with contract. ECF No. 1-3. There is no dispute that plaintiff and defendant are both deemed to be citizens of Canada for jurisdictional purposes. *See* R&R at 2 n. 1 and 2.

Tyne contends that removal is proper based only on federal question jurisdiction. *Id.* at 2 n.1. Specifically, Tyne asserts that the United Nations Convention on Contracts for the International Sale of Goods ("CISG") applies to contracts for sales of goods between parties whose places of business are in different signatory countries. *Id.* Tyne's principal place of

business is in Ontario, Canada, and Westinghouse's principal place of business is in Butler County, Pennsylvania. Tyne timely filed a notice of removal to this court. (ECF No. 1).

The underlying contracts between Westinghouse and Tyne involved design and procurement work for the Calvert Cliffs nuclear power plant located in Maryland. Complaint ¶ 19. The parties negotiated detailed and extensive "Terms and Conditions," first in December 2020 and revised in February 2021. ECF No. 1-3 at 43-61.

As relevant to the pending motion, the parties agreed on a governing law and forum selection clause:

> 35. GOVERNING LAW, DISPUTES AND VENUE
>
> The Purchase Order **shall be governed by the laws of the Commonwealth of Pennsylvania**, USA, **excluding its rules and laws governing choice of laws as well as the United Nations Convention on Contracts for the International Sale of Goods**. Seller hereby: (i) **submits to the exclusive jurisdiction of the federal or State courts located in Allegheny County, Pennsylvania** in any litigation, suit, action or proceeding arising out of, or relating to, the Purchase Order; (ii) knowingly, voluntarily and irrevocably consents to the personal jurisdiction and venue of said court; and, (iii) waives any right to dismiss or transfer it may have based on improper venue or forum non conveniens to the conduct of any proceeding in said court. Seller expressly waives any right to a trial by a jury in any proceeding arising directly or indirectly out of the Purchase Order. If any dispute, controversy or claim arises between the Seller and Westinghouse relating to the Purchase Order, during the execution of the Work or after its completion and whether before or after any termination or breach of the Purchase Order, the Parties shall use reasonable commercial efforts to settle these differences thru good faith negotiations. Notwithstanding the process of settlement of such disputes, controversies or claims, unless the Purchase Order has already been abandoned, repudiated or terminated, Seller shall continue to perform their respective obligations under the Purchase Order with due diligence, unless they otherwise agree in writing. In matters where Westinghouse may have a dispute with its Customer related to the Sellers scope of supply under the Purchase Order, Seller will support Westinghouse in resolution of such dispute at no additional cost to Westinghouse.

*Id.* at 60 (emphasis added).

The parties executed an initial purchase order on February 12, 2021, for $40,000. The parties executed additional purchase orders in 2022 and 2023 totalling approximately

3

$3,000,000.  Westinghouse refers to these as the First Contract and Second Contract.  Complaint ¶ 20.  Tyne argues that the Terms and Conditions, including ¶ 35, apply only to the initial purchase order.  Westinghouse alleges in the state court complaint that the Terms and Conditions were incorporated into the contracts between the parties.  *See* Complaint ¶¶ 27, 43 (pleading that Tyne failed to comply with the Terms and Conditions).  The 2022 and 2023 purchase orders, which are attached as exhibits to the state court complaint, contain references incorporating the Terms and Conditions into those contracts:  "Terms and Conditions: The following documents and all referenced therein form a part of this purchase order. 1. GSCS-TC-006 (Revised Tyne Engineering Feb 2021)."  ECF No. 1-3 at 29, 37.

IV.  Discussion

A.  Legal standard

Removal is disfavored and all doubts must be resolved in favor of remand.  As recently summarized in *Contreras Madrid v. Walmart Stores E., LP,* No. CV 24-5229, 2025 WL 824124, at *1 (E.D. Pa. Mar. 14, 2025) (involving an attempted removal based on fraudulent joinder):

> A defendant in state court can remove a case to federal court if the federal court would have original jurisdiction over it. *See* 28 U.S.C. § 1441(a). **"The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand**.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

*Contrares*, 2025 WL 824124 at *2 (emphasis added).  The court "must **consider the complaint at the time the notice of removal was filed and accept all factual allegations in the complaint as true**." *Id.* (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992)).

> When deciding whether it has subject-matter jurisdiction, the Court's examination of the plaintiff's claims is less probing than on a motion to dismiss. *Batoff*, 977 F.2d at 852. Therefore, even if a party is not fraudulently joined, the claims against that party may ultimately be dismissed on a Rule 12(b)(6) motion. *Id.* Indeed, the fraudulent joinder analysis requires the court to ask only whether the claims are "**wholly insubstantial and frivolous**," and "**all doubts should be resolved in favor of remand**." *Id.* at 851–52.

*Id.*

To summarize, Tyne has a "heavy burden" and all doubts must be resolved in favor of remand. The remand standard is more deferential toward Westinghouse's claims than the motion to dismiss standard. In other words, this court may remand a case to the state court even if it believes the state court may dismiss the case for failure to state a claim. It is Tyne's burden to show there is no reasonable basis in fact or colorable ground supporting the state court claims.

B.  Application to this case

Tyne argues in its objections that this court should first decide the substantive question about whether Pennsylvania law or the CISG governs the parties' contract, and second, determine that it has jurisdiction. (ECF No. 19). That sequence is incorrect. The first question for this federal court is whether the removal was proper such that the court has subject-matter jurisdiction. If not, the court lacks power to decide any substantive legal matter.

In evaluating whether the removal from state court was proper, the test is <u>not</u> whether Pennsylvania law or the CISG applies; but rather, whether there is any "reasonable basis in fact or colorable ground supporting the claim." *Contrares*, 2025 WL 824124 at *2. The court's examination of Westinghouse's claims is less probing than on a motion to dismiss. *Batoff*, 977 F.2d at 852. All doubts should be resolved in favor of remand. *Id.*

There is nothing in the Complaint from which the court could find a basis for federal question jurisdiction. As the magistrate judge pointed out in the R&R, Tyne is injecting the

concept of preemption under the CISG into the case.  The CISG does not completely preempt state law under all circumstances.  *Am. Mint LLC v. Gosoftware, Inc.*, No. CIV.A. 1:05-CV-650, 2006 WL 42090, at *6 (M.D. Pa. Jan. 6, 2006) ("The terms and conditions and all limitations contained in the alleged contract are not completely superceded by the provisions of the CISG.  Article 6 states that parties may, by contract, 'derogate from or vary the effect of any of [the CISG's] provisions.' CISG art. 6.").

Parties are able to disavow the CISG.  *BP Oil Int'l, Ltd. v. Empresa Estatal Petroleos de Ecuador*, 332 F.3d 333, 337 (5th Cir. 2003) ("the CISG governs the dispute **so long as the parties have not elected to exclude its application**") (emphasis added).  Here, Westinghouse alleges in the state court complaint that Pennsylvania law applies.  Attached to the complaint is a copy of Terms and Conditions ¶ 35, that supports Westinghouse's position that the parties specifically disavowed the CISG.

Tyne argues that the R&R failed to cite specific provisions in the state court complaint in which Westinghouse pled that the Terms and Conditions were incorporated into all contracts.  In this court's de novo review of the complaint, it appears that Westinghouse adequately pleaded incorporation of the Terms and Conditions.  *See* Complaint ¶¶ 27, 43 (pleading that Tyne breached the first contract and second contract by failing to comply with the Terms and Conditions).  In addition, the 2022 and 2023 purchases orders, which were attached as exhibits to the state court complaint, had an express provision referencing the Terms and Conditions.  ECF No. 1-3 at 29, 37.

Considering the entire record, Westinghouse's argument that the parties disavowed the CISG is not wholly unfounded or frivolous.  Even accepting that the CISG broadly preempts state law, there is a significant, non-frivolous dispute about whether the parties specifically

agreed that Pennsylvania law would govern their contract. All doubts must be resolved in favor of remand. The removal, therefore, was improper. The case must be remanded to the state court.[1]

Because this case, as currently positioned, is not properly in federal court, this court does not decide the substantive dispute about application of the CISG to each of the parties' contracts. Tyne may pursue that argument in the state court and, if it prevails, may seek removal at that time.

V.   Conclusion

For the reasons set forth above, the motion to remand this case to the state court (ECF No. 9) will be granted. The court will adopt the R&R (ECF No. 18) as the opinion of the court, as supplemented herein. Civil Action No. 24-1362 shall be remanded FORTHWITH to the Court of Common Pleas of Allegheny County, Pennsylvania. An appropriate order will be entered.

Dated: July 30, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge

---

[1] Westinghouse did not seek counsel fees, pursuant to 28 U.S.C. § 1447(c), associated with the response to the notice of removal and preparation of the motion for remand.